IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-81,346-01




EX PARTE ERNEST VILLANUEVA, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. P-2664-83-CR IN THE 83rd DISTRICT COURT
FROM PECOS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to fifty years’ imprisonment. The Eighth Court of Appeals affirmed
his conviction. Villanueva v. State, No. 08-06-00208-CR (Tex. App.—El Paso, delivered June 26,
2008, pet. ref’d).
            Applicant contends that his trial counsel rendered ineffective assistance on several grounds. 

            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claims of ineffective assistance of counsel listed
under grounds five through fourteen, and sixteen through eighteen. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.
            The record reflects that Applicant is currently represented by counsel. However, if the trial
court elects to hold a hearing and Applicant is no longer represented by counsel, it shall determine
whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the
trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc.
art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant’s trial counsel was deficient and, if so, whether counsel’s deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: June 25, 2014
Do not publish